IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANNASTASIA NICOLE KIMBERLY
(aka ARRON MICHAEL LEWIS)                                PETITIONER

No. 4:24-cv-00590 JM/PSH

DEXTER PAYNE, ARKANSAS
DOC DIRECTOR                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

By Order dated September 6, 2024 the Court explained to petitioner Annastasia Nicole Kimberly, aka Arron Michael Lewis (hereinafter "Petitioner") that the petition filed on July 15, 2024, was incorrectly characterized as a writ of habeas corpus under 28 U.S.C. § 2241. Citing *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996), the Court noted that Petitioner's pleading did not challenge the validity of the conviction or the length of the detention. Accordingly, the petition was not one for habeas corpus relief. Guided by *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014), the Court instructed Petitioner to notify the Court if petitioner sought to convert this case from a habeas corpus case to a civil rights case pursuant to either 42 U.S.C. § 1983 or *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Petitioner was informed that if petitioner declined to consent to convert the case, or if petitioner failed to respond to the Court's Order, then the Court would recommend dismissal because the asserted claim is outside the scope of 28 U.S.C. § 2241.

Petitioner responded to the Court's Order, filing a response and a motion to amend the petition. Doc. No. 5.

The motion to amend is granted. Fed. R. Civ. P. 15(a) allows a party to amend its pleading once as a matter of course no later than 21 days after serving the

pleading. Here, since no service has been effectuated petitioner is allowed to amend the petition.

The claims raised in the amended petition fall into three categories.

First, there are the claims advanced in the original petition. These are the claims that the Court previously identified as not belonging in a habeas corpus proceeding - the request for the Court to order the State of Arkansas and the Bureau of Prisons ("BOP") to update their records regarding petitioner's name and sex, and to order the BOP to follow its policy and address petitioner by legal name. The petitioner has not consented to the conversion of the original petition to a civil rights petition, as outlined by the Court. The Court recommends the dismissal of these claims as outside the scope of 28 U.S.C. § 2241.

Petitioner includes in the amended petition an additional claim that is similar to those contained in the original petition – a request that the BOP be ordered to move petitioner to a female prison. This request is not a not challenge to the validity of the conviction or the length of the detention. Petitioner was on notice that claims such as these are not proper habeas corpus claims. As a result, the Court recommends the dismissal of this claim as outside the scope of 28 U.S.C. § 2241.

The third category of claims advanced by petitioner is a request for "release forthwith" from incarceration. Doc. No. 5, page 1. While the relief requested is

ostensibly a challenge to the length of detention, the Court recommends dismissal of these claims as frivolous. The basis for the requested relief is that petitioner's name and gender have been changed from Arron Michael Lewis, the male who was convicted of the crimes, and that petitioner, now a female with a new name, cannot serve the life sentence given to Arron Michael Lewis. The writ of habeas corpus is reserved for those in custody in violation of the Constitution or law or treaties of the United States. Petitioner's claims regarding name and gender are so lacking in colorable merit that they must be considered frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (a frivolous action is one where the allegations are "fanciful . . . fantastic or delusional" or is "based upon an indisputably meritless legal theory."); *Haugen v. Sutherlin*, 804 F.2d 490 (8th Cir. 1986) (complaint "is frivolous on its face"). Even though *sua sponte* dismissals are expressly disfavored, *Nash v. Black*, 781 F.2d 665 (8th Cir. 1986), the Court, nevertheless, is satisfied these claims should be dismissed.

In summary, petitioner has not consented to the conversion of his non-habeas corpus claims to a civil right action. As a result, the Court recommends dismissal of these claims as outside the scope of 28 U.S.C. § 2241. The additional claims of petitioner advanced in the amended petition are frivolous and should be dismissed on that basis.

IT IS SO ORDERED this 4th day of November, 2024.

_____
UNITED STATES MAGISTRATE JUDGE